IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01083-PAB-NYW

H. DENISE STUART,

    Plaintiff,

v.

ERICKSON LIVING MANAGEMENT and
WIND CREST,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on the Recommendation of United States Magistrate and Order filed on July 29, 2019. Docket No. 60. Magistrate Judge Nina Y. Wang recommends that the Court grant Defendant[s'] Motion for Summary Judgment [Docket No. 38] and deny Plaintiff's Motion for Summary [Judgment] [Docket No. 45]. Docket No. 60 at 2. Plaintiff H. Denise Stuart objected to the magistrate judge's recommendation on August 13, 2019. Docket No. 65. Defendants responded on August 27, 2019. Docket No. 69. Plaintiff did not file a reply.

**I. BACKGROUND**

The background facts have been set forth in the magistrate judge's recommendation and will not be repeated here except as relevant to resolving plaintiff's objections. On July 11, 2018, plaintiff filed her amended Employment Discrimination

Complaint [Docket No. 10] alleging that her former employer, defendant Wind Crest,[1] discriminated against her based upon her race and "retaliated against [her] for opposing discrimination in the workplace" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Docket No. 10 at 3, 9. Defendants filed a partial motion to dismiss [Docket No. 23] and the magistrate judge recommended that the motion be granted and that plaintiff's claims be dismissed without prejudice so that plaintiff could seek leave to amend her complaint. Docket No. 30 at 6. Plaintiff did not object to the magistrate judge's recommendation. The Court dismissed plaintiff's retaliation claim without prejudice on December 3, 2018, and plaintiff was granted leave to amend her complaint within 21 days of the Court's order. Docket No. 31 at 2. Plaintiff did not file an amended complaint.

Defendants then moved for summary judgment on plaintiff's discrimination claim, arguing that plaintiff could not establish a prima facie case of discrimination and that defendants had terminated plaintiff based on legitimate, nondiscriminatory reasons. Docket No. 38 at 10, 14. Plaintiff did not file a response, but filed her own motion for summary judgment [Docket No. 45]. Construing plaintiff's motion as a response to their summary judgment motion, defendants filed a reply. Docket No. 48. At the final pretrial conference, the magistrate judge "attempted to clarify whether Plaintiff's filing was a response to Defendant[s'] motion for Summary Judgment or an affirmative motion." Docket No. 60 at 3; *see also* Docket No. 52. In response, plaintiff "suggested that she

---

[1]Defendants state that "Wind Crest hired Erickson Living Management as a management company; however Wind Crest was Plaintiff's employer." Docket No. 38 at 1 n.1.

might be affirmatively moving for summary judgment," Docket No. 60 at 3, but did not file any additional papers in support of her motion.

In light of plaintiff's pro se status, the Court construes her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). Therefore, the Court will construe plaintiff's filing as a motion for summary judgment, as the magistrate judge did. *See* Docket No. 60 at 1 n.1. The magistrate judge recommends that defendants' motion for summary judgment be granted and that plaintiff's motion for summary judgment be denied. Docket No. 60 at 18.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of

might be affirmatively moving for summary judgment," Docket No. 60 at 3, but did not file any additional papers in support of her motion.

In light of plaintiff's pro se status, the Court construes her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). Therefore, the Court will construe plaintiff's filing as a motion for summary judgment, as the magistrate judge did. *See* Docket No. 60 at 1 n.1. The magistrate judge recommends that defendants' motion for summary judgment be granted and that plaintiff's motion for summary judgment be denied. Docket No. 60 at 18.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of

evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (internal quotation marks omitted)). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115 (citation omitted). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010). However, where, as here, there are cross motions for summary judgment, the reasonable inferences drawn from affidavits, attached exhibits, and depositions are rendered in the light most favorable to the non-prevailing party. *Jacklovich v. Simmons*, 392 F.3d 420, 425 (10th Cir. 2004). Furthermore, "[w]hen the parties file cross motions for summary judgment, we are entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (internal quotation marks

omitted).

When reviewing a magistrate judge's recommendation on a dispositive motion, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

## III. ANALYSIS

Plaintiff raises six objections to the magistrate judge's recommendation, focusing only on what she believes are errors in the magistrate judge's recitation of the undisputed material facts. *See* Docket No. 65.[2] She argues that the magistrate judge "did not state on the record the reasons for denying" her motion for summary judgment and that the magistrate judge "overlooked important facts to discredit" her motion. *Id.* at 1.

First, plaintiff objects to the magistrate judge's statement that plaintiff "filed a

---

[2]The magistrate judge drew her statement of undisputed facts from the record. *See* Docket No. 60 at 5. Because plaintiff did not file a response to defendants' motion for summary judgment, she did not dispute defendants' statement of undisputed material facts. As a result, these facts are deemed admitted. *See* Practice Standards (Civil Cases), Chief Judge Philip A. Brimmer § III.F.3.b.iv (requiring a party opposing the motion for summary judgment to "admit or deny the asserted material facts set forth by the movant"); *see also* Fed. R. Civ. P. 56(e) (providing that, "[i]f a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

charge of discrimination with the Equal Employment Opportunity Commission ('EEOC') on or about July 13, 2017." Docket No. 65 at 1; Docket No. 60 at 2. Plaintiff states that she actually filed a charge of discrimination on June 13, 2017. Docket No. 65 at 1. Plaintiff is correct: her EEOC charge is dated June 13, 2017. *See* Docket No. 10 at 9. However, this minor error in the magistrate judge's procedural background section is immaterial to the magistrate judge's disposition of the parties' motions. *See* Docket No. 60. This objection does not set forth a genuine issue of material fact that would prevent the Court from entering summary judgment.

Next, plaintiff objects to the magistrate judge's statement that "Defendants hired Ms. Stuart, an African-American female, as a Care Associate in the Memory Care Department." Docket No. 65 at 2; Docket No. 60 at 5, ¶ 1. Plaintiff states that defendants hired her, "a Black American Female, as a Care Associate . . . and QMAP Associate," which includes administering medication or providing emergency first aid when needed. Docket No. 65 at 2. Plaintiff has admitted that defendant Wind Crest hired her as a "Care Associate." Docket No. 38 at 3, ¶ 1. Moreover, the record indicates that plaintiff was hired as a Care Associate in defendants' Memory Care Department, as the magistrate judge noted. *See* Docket No. 38-1 at 1 (Wind Crest's offer letter of employment, sent to plaintiff, for the position of Care Associate). Even if plaintiff was also hired as a QMAP Associate, or even if plaintiff's job title or job duties changed over time, plaintiff has not explained why her job title would have an impact on the magistrate judge's ruling. The Court finds that this is not a disputed material fact that would preclude summary judgment. And to the extent that plaintiff objects to the magistrate judge's statement that plaintiff is an "African-American female" rather than a

"Black American Female," plaintiff does not raise an argument that the magistrate judge's language had any impact on her recommendation or that this distinction raises a genuine issue of material fact. The Court will overrule this objection.

Plaintiff objects to the magistrate judge's statement that, in or about March 2017, plaintiff's co-workers filed workplace complaints against plaintiff. Docket No. 65 at 2; Docket No. 60 at 6, ¶ 4. Plaintiff contends that, in April 2017, she met with two of her supervisors who did not mention that any complaints had been lodged against her and that the supervisors did not issue plaintiff a written or verbal warning at the meeting. Docket No. 65 at 2. However, plaintiff has admitted that her co-workers made such complaints. Docket No. 38 at 4, ¶ 6.

Plaintiff does not explain why the fact that her co-workers' complaints were not brought up at the April 2017 meeting renders the existence of the complaints a disputed material fact, particularly when the record demonstrates that defendants learned of such complaints against plaintiff. In support of their allegation that co-workers reported that plaintiff was disrespectful to them and to residents' family members, *id.*, defendants cite a written warning received by plaintiff in March of 2017 that references "[m]ultiple reports from multiple co-workers from multiple shifts" that plaintiff was "failing to comply with the Erickson Values" and "[m]ultiple reports of negative responses to co-worker feedback." Docket No. 38-6 at 1; *see also* Docket No. 38-5 at 1, ¶ 4 (declaration of Adam Dickson, Wind Crest's Director of Continuing Care, attesting that plaintiff's co-workers reported plaintiff to her direct manager). Plaintiff provides no evidence to counter defendants' evidence of plaintiff's poor performance or to create a genuine issue of material fact. *See Thommen Medical USA, LLC v. Tanner*, No. 11-cv-03010-

REB-CBS, 2013 WL 396134, at *2 (D. Colo. Feb. 1, 2013) (when a defendant provides evidence showing that there is no genuine issue of material fact, "it is the plaintiff's burden to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper"). The Court finds that plaintiff's objection does not raise a genuine issue of material fact that would warrant rejection of the magistrate judge's recommendation.

Plaintiff's next objection relates to the magistrate judge's statement that, "[o]n or about May 23, 2017, [plaintiff] and another employee were involved in a verbal altercation." Docket No. 60 at 6, ¶ 5; Docket No. 65 at 2. Plaintiff states that this verbal altercation "did not transpire." Docket No. 65 at 3. In support, she cites to two documents: first, an email plaintiff sent describing this incident, in which she states that the other employee, Kaycee Gaglia, "was the one doing the yelling," *see* Docket No. 65 at 5, and second, a witness statement completed by plaintiff's co-worker, Darniesha White, in which Ms. White states that she observed Ms. Gaglia yelling at plaintiff, but did not see plaintiff yelling at Ms. Gaglia. Docket No. 65 at 6.

As an initial matter, plaintiff has admitted the allegation that Adam Dickson learned of a verbal altercation between plaintiff and Ms. Gaglia. *See* Docket No. 38 at 4, ¶ 7. Second, plaintiff fails to explain how the magistrate judge's characterization of this incident as a "verbal altercation" demonstrates that a material issue of fact exists to preclude summary judgment. In her recommendation, the magistrate judge acknowledged that "[plaintiff] and [Ms. Gaglia] provided conflicting recollections of the verbal altercation." Docket No. 60 at 6, ¶ 5. Indeed, Ms. Gaglia provided a statement after the incident and stated that she was "yelled at" by plaintiff. Docket No. 38-7 at 2.

The magistrate judge's characterization of the incident in which one or both parties yelled at the other as a "verbal altercation" is not inaccurate.

Further, plaintiff fails to explain how the existence of a verbal altercation is a material issue of fact, as it was not a factor in the magistrate judge's recommendation. Plaintiff argues in her motion for summary judgment that she was treated differently from similarly situated employees of different races. Docket No. 45 at 3. Relevant to this objection, plaintiff argues that Ms. Gaglia, a white woman, had used profanity on two occasions and had once yelled at plaintiff (the purported "verbal altercation"), but that Ms. Gaglia was not disciplined for this behavior. *Id.* at 6-7. In finding that plaintiff has failed to demonstrate that she was treated differently from others similarly situated, the magistrate judge did not rely on whether there was a verbal altercation between plaintiff and Ms. Gaglia. Rather, she focused on the fact that plaintiff had "identifie[d] only one to two instances of misconduct for [Ms. Gaglia], but the undisputed evidence reveals [plaintiff] engaged in, or at least was accused of, repeated infractions." Docket No. 60 at 17 (emphasis omitted). Further, the magistrate judge found that the undisputed evidence demonstrated that plaintiff received complaints not only of a poor working relationship with her co-workers, but also a poor working relationship with the residents she cared for. *Id.* Plaintiff did not refute any of this evidence. *Id.* Thus, the magistrate judge found that plaintiff has failed to demonstrate that a genuine issue of material fact exists as to whether plaintiff was treated differently from those similarly situated to her. *Id.* at 16-17. Because the magistrate judge's recommendation was not dependent on the existence or absence of a verbal altercation between plaintiff and Ms. Gaglia, plaintiff's objection does not establish a genuine issue of material fact. *See*

*Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) ("A fact is '"material" if under the substantive law it is essential to the proper disposition of the claim.'").

Next, plaintiff argues that the magistrate judge "failed to mention the incident on April 28, 2017, when Jill Tuttle assaulted [plaintiff]," Docket No. 65 at 3,[3] and that defendants failed to investigate this incident. *Id.* Plaintiff also appears to raise an argument regarding defendants' purported failure to mention any of plaintiff's performance problems before they initiated an investigation into plaintiff's workplace performance. *Id.*

First, in her summary judgment motion, plaintiff did not submit evidence demonstrating defendants' failure to investigate this incident. *See* Docket No. 45. Second, the magistrate judge, who considered the allegations of the amended complaint as factual support, did mention, multiple times, the altercation between plaintiff and Ms. Tuttle. *See, e.g.,* Docket No. 60 at 14, 15, 16. Insofar as plaintiff raises an argument about defendants' failure to investigate this incident, plaintiff has failed to explain why any purported failure to investigate is evidence of discrimination on the part of defendants and has not submitted evidence demonstrating that similarly situated employees of different races were treated more favorably than she. *See* Docket No. 45; Docket No. 65. Because plaintiff has not tied her allegations of a failure to investigate to her discrimination claim, plaintiff has failed to demonstrate that a

---

[3] Jill Tuttle was plaintiff's co-worker. Docket No. 38 at 7, ¶ 17.

genuine issue of material fact exists to preclude summary judgment.

To the extent that plaintiff argues that, prior to defendants' May 2017 evaluation of plaintiff's performance due to her "past performance problems," see Docket No. 38-5 2, ¶ 6, defendants never mentioned to her that they observed performance issues, plaintiff has failed to demonstrate why defendants' alleged failure to mention plaintiff's performance issues to her before initiating an evaluation of her performance is indicative of discrimination or would create a genuine issue of fact to preclude summary judgment in this case. See Docket No. 65 at 3.

Plaintiff objects to the magistrate judge's statement that, with regard to a co-worker complaint that plaintiff had grabbed a resident by the neck and pulled the resident to the ground, "[d]efendant[s] could not discern whether this . . . incident ever occurred." Docket No. 65 at 3. Specifically, plaintiff argues that, because "[it] has been repetitively stated" that the neck-grabbing allegation was a primary reason for plaintiff's suspension, the magistrate judge's statement that "[d]efendant[s] could not discern whether this last incident ever occurred" is "[l]egal [h]ypocrisy" and "inconsistent" with defendants' statement of undisputed facts. Docket No. 65 at 3, 7.

The Court finds that plaintiff's objection is without merit. In their statement of undisputed facts, defendants set out that Wind Crest received a report that plaintiff had "grab[bed] a resident by the neck and pull[ed] her down to the ground," but that Wind Crest was "unable to determine the truth of these allegations." Docket No. 38 at 6, ¶ 14. Defendants supported this statement with evidence. See Docket No. 38-10 at 1 (contemporaneous email from Mr. Dickson mentioning the allegation); see also Docket No. 38-5 at 2, ¶ 9 (Mr. Dickson stating that he was informed of the allegation but was

unable to determine its truth). Further, because the magistrate judge acknowledged that defendants could not determine whether plaintiff had actually grabbed a resident by her neck, *see* Docket No. 60 at 7, ¶ 7, the magistrate judge did not factor this alleged incident into her legal analysis or decision to grant defendants' motion. *See id.* at 13-17 (mentioning several co-worker and resident complaints about plaintiff's performance and behavior, but not mentioning the alleged neck-grabbing incident). As such, this allegation was immaterial to the magistrate judge's recommendation, and plaintiff's objection does not convince the Court otherwise. *Wright*, 259 F.3d at 1231-32.

Finally, to the extent that plaintiff argues that the magistrate judge "did not state on the record the reasons for denying [her] motion," Docket No. 65 at 1, the Court disagrees. The magistrate judge went through the entire burden-shifting framework under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), evaluated whether defendants had met their burden of demonstrating that plaintiff's termination was not motivated by a discriminatory animus and, after finding defendants had met this burden, analyzed whether plaintiff could meet her burden of showing that defendants' justification was pretextual. Docket No. 60 at 8-12. The magistrate judge then considered each of plaintiff's arguments in support of her motion for summary judgment, finding that plaintiff had failed to present sufficient evidence to create a genuine issue of material fact as to pretext. *See id.* at 13. Finding no genuine issue of fact, the magistrate judge concluded that plaintiff "fail[ed] to put forth undisputed evidence which would entitle her to summary judgment on her disparate treatment claim." *Id.* at 18. The Court finds that the magistrate judge sufficiently set out the law

and the undisputed facts that were the basis of her recommendation.

Because plaintiff has failed to demonstrate that a genuine issue of material fact exists that would preclude summary judgment in favor of defendants on her discrimination claim, the Court will overrule plaintiff's objections and accept the magistrate judge's recommendation.

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge and Order [Docket No. 60] is **ACCEPTED**. It is further

**ORDERED** that Defendant[s'] Motion for Summary Judgment [Docket No. 38] is **GRANTED**. It is further

**ORDERED** that Plaintiff's Motion for Summary [Judgment] [Docket No. 45] is **DENIED**. It is further

**ORDERED** that plaintiff's Title VII discrimination claim is **DISMISSED** with prejudice. It is further

**ORDERED** that plaintiff's Motion to Appear by Phone [Docket No. 73] is **DENIED AS MOOT**. It is further

**ORDERED** that the trial preparation conference set for November 15, 2019 and the trial scheduled to begin on December 2, 2019 are **VACATED**. It is further

**ORDERED** that, within 14 days of the entry of this Order, defendants may have their costs by filing a Bill of Costs with the Clerk of Court. It is further

**ORDERED** that this case is closed.

DATED October 18, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge